IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOHN C. GEORGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 315-089 |
| | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.     BACKGROUND**

Petitioner was sentenced on December 20, 1995, to life imprisonment based on his convictions in the Southern District of Florida related to possession and distribution of cocaine. (Doc. no. 1, p. 18; doc. no. 7, Ex. C, Attach. 3.) Subsequently, Petitioner received two sentence reductions based on amendments to the Sentencing Guidelines, lowering his sentence to 316 months. (Doc. no. 7, Ex. D & Ex. E, Attachs. 4, 5.)

After this reduction, the Bureau of Prisons ("BOP") calculated Petitioner's projected release date to be December 28, 2016. (Doc. no. 7, Ex. F, Attach. 6.) In making the calculation, BOP awarded Petitioner fifty-four days of good conduct time ("GCT") for each year of imprisonment, except 2009, when Petitioner only received forty days of GTC as he lost fourteen days for possessing intoxicants. (Id.) BOP projects a final award of 1,226 days of GCT for the period of January 8, 1994 through December 28, 2016. (Id.)

According to Petitioner, the BOP erred somewhere in the calculation by giving him forty-seven days of GTC instead of fifty-four. (See generally doc. no. 1.) Petitioner does not explain how he believes the error occurred, but instead alleges without explanation BOP owes him seven more days of GTC. (Id.) Respondent claims in response Petitioner's GCT award has been calculated in accordance with the methodology found in the statutory and regulatory scheme approved by the Supreme Court in Barber v. Thomas, 560 U.S. 474 (2010). (See generally doc. no. 9.)

## II. DISCUSSION

The Attorney General of the United States, through authority delegated to the BOP, is responsible for imprisoning federal offenders and calculating their sentences. United States v. Wilson, 503 U.S. 329, 331 (1992); United States v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir. 1990); 28 C.F.R. § 0.96. When calculating a federal sentence, the BOP starts with a determination of when a sentence commenced and then determines whether any credits should be applied to that sentence. See 18 U.S.C. § 3585. Under 18 U.S.C. § 3624, a federal prisoner can receive credit for "satisfactory behavior" as follows:

**(b) Credit toward service of sentence for satisfactory behavior.**--

(1) . . . [A] prisoner who is serving a term of imprisonment of more than 1 year, other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [I]f the [BOP] determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the [BOP] determines to be appropriate . . . .

Id. § 3624(b)(1).

BOP regulations further explain an inmate earns, subject to certain exclusions not applicable in the instant case, "54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) . . . ." 28 C.F.R. § 523.20; see also Program Statement ("PS") 5884.03, Good Conduct Time Under the Prison Litigation Reform Act, available at http://www.bop.gov/policy/progstat/5884_003.pdf (explaining inmates may be awarded fifty-four days of GCT for each full year served). Furthermore, BOP has produced a Sentence Computation Manual detailing how it calculates GCT and partial, prorated years of incarceration. Program Statement ("PS") 5880.28, Sentencing Computation Manual - CCCA, available at https://www.bop.gov/policy/progstat/5880_028.pdf. BOP's interpretation of how to award GCT pursuant to § 3624(b) is entitled to deference as described above and has been approved both by the Eleventh Circuit Court of Appeals and the United States Supreme Court. Barber,

560 U.S. at 480; Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005).

Respondent established BOP followed, and correctly applied, the statutes, regulations and program statements in awarding GCT and calculating Petitioner's projected release date. Here, BOP awarded Petitioner fifty-four days of GCT for each year he served excluding 2008, when Petitioner lost fourteen days for possessing intoxicants. (See doc. no. 7, ex. F, attch. 6.) Petitioner is further expected to receive a prorated total of fifty-two days of GCT for his time served from January 8, 2016 through his projected release date of December 28, 2016. (Id.) This 52-day calculation is based on the GCT formula, which divides fifty-four days (the maximum number of earnable GCT days in one year of service) by 365 days to obtain the portion of GCT attributable to one day of imprisonment, which is .148. PS 5880.28, p. 1-44-45. Then, BOP multiplies .148 by the number of days the prisoner is expected to serve in the current year—here, 355 days. Id. After multiplying the two numbers, BOP drops the fraction. Id. Thus, here, when BOP multiplied .148 by 355, it got 52.54. Dropping the decimal, fifty-two days of GCT for the current year remain, which is what BOP awarded Petitioner. (See doc. no. 7, ex. F, attch. 6.) Because Petitioner has not shown the calculation of his sentence is in violation of the Constitution, laws, or treaties of the United States as is required to obtain relief under 28 U.S.C. § 2241, he is not entitled to the relief he seeks.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** the § 2241 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 12th day of September, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA